**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals

## For the First Circuit

No. 02-2498

HALUK BEKIROGLU,

Plaintiff-Appellant,

v.

THE PAUL REVERE INSURANCE COMPANY,

Defendant-Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT MASSACHUSETTS

[Hon. Patti B. Saris, U.S. District Judge]

Before

Boudin, Chief Judge,

Howard, Circuit Judge,

DiClerico,* District Judge.

Stephen L. Raymond for appellant.

Joseph M. Hamilton, with whom Elizabeth L.B. Greene and Mirick, O'Connell, DeMallie & Lougee, LLP were on brief for appellee.

September 25, 2003

---

*Of the District of New Hampshire, sitting by designation.

**Per Curiam**.   This appeal arises under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B).   The district court granted summary judgment in favor of the plan administrator's decision denying long term disability benefits to Professor Haluk Bekiroglu.   The district court concluded that while the decision was debatable it was not arbitrary or capricious.   In support of that conclusion, the district court held that the medical and surveillance evidence in the record supported the decision that Professor Bekiroglu was capable of the light duty work required by his position as Business Division Director and Professor of Management and Business at Becker College.   We affirm essentially for the reasons given by the district court in the memorandum and order dated October 16, 2002, adding only the following comments.

In a non-jury case, when, as here, the parties submit cross motions for judgment on an agreed record, the case is deemed to be submitted as stated.[1]   See Garcia-Ayala v. Lederle Parenterals, Inc., 212 F.3d 638, 643-44 (1st Cir. 2000).   Instead of drawing inferences in favor of each nonmoving party, as would ordinarily be done in considering cross motions for summary judgment, the court must determine the appropriate inferences to be drawn from the factual record.   Id.   Professor Bekiroglu can prevail on appeal "only if he shows that the district court's

---

[1]Although this circuit has not decided whether a jury trial might be available in an ERISA case, see Liston v. Unum Corp. Officer Severance Plan, 330 F.3d 19, 24 n.4 (1st Cir. 2003), here no request was made for a jury trial.

factual determinations are clearly erroneous or if the district court made an error of law." Watson v. Deaconess Waltham Hosp., 298 F.3d 102, 108 (1st Cir. 2002).

It is undisputed that the deferential ERISA standard applies. The plan administrator's decision will be reversed only if the "eligibility determination was unreasonable in light of the information available to it." Cook v. Liberty Life Assurance Co., 320 F.3d 11, 19 (1st Cir. 2003). The eligibility determination must be upheld "if it was within [the insurer's] authority, reasoned, and supported by substantial evidence in the record." Doyle v. Paul Revere Life Ins. Co., 144 F.3d 181, 184 (1st Cir. 1998). "The existence of contrary evidence does not necessarily render [the insurer's] decision arbitrary." Boardman v. Prudential Ins. Co., 337 F.3d 9, 15 (1st Cir. 2003).

Professor Bekiroglu contends that the district court erred in evaluating the record evidence and, in particular, he urges a different interpretation of his treating physician's opinion. He concedes that Dr. Johnson checked the "yes" box in question seven of the attending physician's statement, indicating that he was released for work in his occupation. He argues, however, that marking the "yes" box was a mistake and that Dr. Johnson intended to support his application for long-term disability benefits.

Professor Bekiroglu points to Dr. Johnson's statement, confirmed in her treating notes, that she would be happy to fill out medical forms for his disability application. He contends that

Dr. Johnson's statement demonstrates that she intended to help his application so that her responses on the attending physician's statement should be construed in his favor. Professor Bekiroglu also points to Dr. Johnson's narrative answer to the remainder of question seven, following the "yes" box, which asked her to explain her patient's restrictions if he were medically unable to work at that time. Dr. Johnson wrote that certain symptoms made it very difficult for Professor Bekiroglu to "function at a full level."

Taken as a whole, Dr. Johnson's opinion consistently indicated that Professor Bekiroglu was able to work at his occupation, albeit at a somewhat reduced exertional level. Whether Dr. Johnson "happily" agreed to complete forms in support of his application carries little persuasive weight. Dr. Johnson's specificity about Professor Bekiroglu's condition reveals that although she thought he would have difficulty performing at a full level, he would only have a slight limitation in his physical activity. The surveillance conducted by Paul Revere confirms that conclusion, as does Dr. Pollak's opinion.

While the record evidence is open to different interpretations, as the district court noted, given the deferential standard of review Professor Bekiroglu has not shown that the district court's factual determinations were clearly erroneous. Even if the appeal were reviewed de novo, we would come to the same result. Therefore, the summary judgment granted by the district court in favor of Paul Revere is **affirmed**.